# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ABDUL MAJID KAMARA** and **AMINATA MANSARAY**  Plaintiffs,  v.  **TRANS UNION, LLC** and **EQUIFAX INFORMATION SERVICES LLC** and **EXPERIAN INFORMATION SOLUTIONS, INC.**  Defendants. | **CIVIL ACTION NO.** |

## COMPLAINT

## PRELIMINARY STATEMENT

1. This is an action for damages brought by individual consumers, Abdul Majid Kamara and Aminata Mansaray., against the Defendants for violations of the Fair Credit Reporting Act ("hereafter the FCRA") 15 U.S.C. §§ 1681 *et seq.*

## JURISDICTION & VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

1

## THE PARTIES

4. Plaintiffs Abdul Majid Kamara and Aminata Mansaray are adult individuals residing in Glenolden, PA.

5. Defendant Trans Union, LLC ("Trans Union") is a consumer reporting agency that regularly conducts business in Eastern District of Pennsylvania, and which has a principal place of business located at 1510 Chester Pike, Crum Lynne, PA.

6. Defendant Experian Information Solutions, Inc. ("Experian") is a consumer reporting agency that regularly conducts business in Eastern District of Pennsylvania, and which has a principal place of business located at 4 Gatehall Drive, 3rd Floor, Parsippany, NJ.

7. Defendant Equifax Information Solutions, Inc. ("Equifax") is a consumer reporting agency that regularly conducts business in Eastern District of Pennsylvania, and which has a principal place of business located at 1500 Peachtree St. NW, Atlanta, GA 30309.

## FACTUAL ALLEGATIONS

8. Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiffs and Plaintiffs' credit history to third parties (hereafter the "inaccurate information") from at least January 2022 through present.

9. The inaccurate information on Plaintiffs' credit reports includes, but is not limited to, a mortgage loan with TD Bank that was inaccurately reporting late payments for Plaintiffs for the months of July 2021 and August 2021, when Plaintiffs had made timely payments during those months.

10. The inaccurate information negatively reflects upon Plaintiffs, Plaintiffs' credit repayment history, Plaintiffs' financial responsibility as a debtor and Plaintiffs' credit worthiness.

11. Defendants Trans Union, Experian and Equifax have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors, both known and unknown from at least January 2022.

12. Plaintiffs have disputed the inaccurate information with Defendants Trans Union, Experian and Equifax by following Defendants Trans Union, Experian and Equifax's established procedures for disputing consumer credit information and the inaccurate account information was verified several times.

13. Plaintiffs have disputed the inaccurate information with Defendants Trans Union, Experian and Equifax from January 2022 through the present.

14. Notwithstanding Plaintiffs' efforts, Defendants Trans Union, Experian and Equifax have sent Plaintiffs correspondence indicating their intent to continue publishing the inaccurate information and Defendants Trans Union, Experian and Equifax continue to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors. Defendants Trans Union, Experian and Equifax have repeatedly published and disseminated consumer reports to such third parties from at least January 2022 through the present.

15. Despite Plaintiffs' efforts, Defendants Trans Union, Experian and Equifax have never: (1) contacted Plaintiffs to follow up on, verify and/or elicit more specific information about Plaintiffs' disputes; (2) contacted any third parties that would have relevant information concerning Plaintiffs' disputes; (3) forwarded any relevant information concerning Plaintiffs' disputes to the entities originally furnishing the inaccurate information; or (4) requested or obtained any credit applications, or other relevant documents from the entities furnishing the inaccurate information.

16. Plaintiffs' credit reports and file have been obtained from Defendants Trans Union, Experian and Equifax and have been reviewed by prospective and existing credit grantors and extenders of credit, and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving credit offers and opportunities, known and unknown. Plaintiffs' credit reports have been obtained from Defendants Trans Union, Experian and Equifax by such third parties from at least January 2022 through the present.

17. As a result of Defendants' conduct, Plaintiffs have suffered actual damages in the form of lost credit opportunities, credit defamation and emotional distress, including anxiety, frustration, embarrassment and humiliation.

18. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

19. At all times pertinent hereto, the conduct of the Defendants, as well as that of its agents, servants and/or employees, was intention, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## COUNT I – TRANS UNION, EXPERIAN AND EQUIFAX
## VIOLATIONS OF THE FCRA

20. Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

21. At all times pertinent hereto, Defendants Trans Union, Experian and Equifax were "persons" and "consumer reporting agencies" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

22. At all times pertinent hereto, Plaintiffs were "consumers" as that term is defined by 15 U.S.C. § 1681a(c).

23. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d),

24. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendants Trans Union, Experian and Equifax are liable to the Plaintiffs for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681e(b) and 1681i.

25. The conduct of Defendants Trans Union, Experian and Equifax was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiffs that are outlined more fully above and, as a result, Defendants Trans Union, Experian and Equifax are liable to Plaintiffs for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMAND

26. Plaintiffs demand trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs seek judgment in Plaintiffs' favor and damages against the Defendants, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o; and

(e)     Such other and further relief as may be necessary, just and proper.

                        Respectfully Submitted,

**FRANCIS MAILMAN SOUMILAS, P.C.**

BY:    /s/ *Siobhán E. McGreal*
       SIOBHÁN E. MCGREAL, ESQUIRE
       MARK D. MAILMAN, ESQUIRE
       1600 Market Street
       Suite 2510
       Philadelphia, PA 19103
       (215) 735-8600

*Attorneys for Plaintiff*

Dated: December 19, 2022,